<hr/>

## CHARLES TUFTS *vs.* CITY OF CHARLESTOWN.

Declarations made by one claiming a right of way, concerning such right, in the presence of the owner of the estate, but not heard by him by reason of deafness, are inadmissible in evidence against him.

Upon the assessment of damages sustained by the taking of land for a highway, the testimony of the owner of a right of way over the land, as to the amount for which he would have sold his right if no highway had been laid out, is inadmissible.

The owner of land, who has built a house on a part thereof over which there is a right of way, may recover, as part of the damages occasioned by the subsequent taking of the land for a highway, the value of the right to have the house remain on the land until its removal be required by the owner of the right of way.

PETITION to the county commissioners for a jury to estimate the damages sustained by the location of Ferrin Street over land of the petitioner in Charlestown. A trial was had before the sheriff, who certified the following rulings to the court of common pleas:

John Sanborn, a witness for the petitioner, testified that the petitioner, eight or ten years ago, built a house on the premises over which the street was laid out. On cross-examination the respondents asked the witness what declarations Samuel Ferrin, under vhom they claimed a passage way over the land in question, made on the premises, as to the removal of the house, in the presence of petitioner, but not in his hearing, as

he was deaf. The respondents also asked of the witness Ferrin's declarations when the house was being erected. The petitioner objected to both questions, and they were ruled out. The witness was permitted to testify that Ferrin claimed the right of way over the land in question when the house was being built, as well when the petitioner was present as at other times, and always said he had a right in the same as a passage way, and objected to the building of the house because he and others had a right to occupy the land as a passage way.

The respondents called Ferrin as a witness, and asked him for what sum he would sell out his right in the passage way if it were not laid out as a street. This was also objected to, and ruled out.

The respondents asked the sheriff to instruct the jury, " that the house having been erected by Tufts on a confessed passage way, he cannot now recover by reason of being obliged to move or sell it ; nor can any damages at all be assessed therefor, inasmuch as it was erected by him on such passage way ; " and also " that the passage way being in existence when the house was built, the erection thereof on the passage way was illegal, and Tufts having been allowed a time by the city to remove it, and having failed to do it, he cannot now recover therefor."

These instructions the sheriff declined to give, but instructed the jury " that Tufts had a right to erect and occupy the house on the land in question, against all persons except Ferrin and those claiming under him, and that the respondents, by their location of the street over said land, having compelled Tufts to remove the house therefrom, he was entitled to recover such sum for the house, in addition to his damages for the land, as his right to have it remain on the land, subject to the objections of Ferrin and those claiming under him, was worth ; that Ferrin and those claiming under him had a right at any time to compel Tufts to remove said house, but that until they exercised that right Tufts could occupy and improve the same, and that all the damages to which Tufts was entitled for this item of his claim, was the value of this privilege, if any." To these instructions the respondents excepted. The jury returned a verdict for the

petitioner, which was affirmed by the court of common pleas. The respondents appealed to this court.

*J. Q. A. Griffin,* for the respondents.

*J. Dana,* for the petitioner.

MERRICK, J.    1. The declarations of Ferrin, which the respondents endeavored to introduce in their cross-examination of Sanborn were properly rejected by the officer who presided at the trial.    They were not made under oath, nor in the course of any legal investigation, nor in the hearing of the party supposed to be affected by them, nor, as far as it appears, upon any occasion when his attention would have been likely to have been attracted to what was said.    They can be considered therefore as nothing but mere hearsay; and though offered to be proved by the person by whom they were spoken, were just as inadmissible as if the attempt had been made to give them in evidence through the testimony of another witness.

2. The sum for which Ferrin would be willing to sell his right was properly rejected, as he might have been influenced by considerations entirely distinct from its value.

3. The instructions to the jury, in lieu of those which the presiding officer was requested by the respondents to give them, were appropriate and correct.   They fully embraced and explained the principles of law by which the jury, in their determination of the question of damages submitted to them, ought to have been influenced and controlled.   The petitioner owned in fee the land over which the respondents had caused a street and public highway to be duly located and established.   He had enhanced its value after it came into his possession, by the erection of a house upon it, which was thereby annexed to the freehold.   But his ownership of the land was subject to the incumbrance of a right of way over that part of it where the house was erected, in behalf of Ferrin and his heirs and assigns.   His interest therefore in the estate was to this extent diminished, and his loss, when the land was taken from him, was the sum which should be found to remain after deducting from its value, with all the improvements which had been made upon it, the value of the incumbrance occasioned by the right of way.   This was all

which he was justly entitled to receive, or which the respondents could equitably be required to pay for it. Under the rule which was laid down in his instructions to the jury by the presiding officer, it was their duty, in estimating and determining the amount of damages to be assessed for the petitioner, to make such allowance and deduction from the value of the estate taken as the principle of law applicable to the case required. As the rule of law was correctly stated to them, we must presume that they allowed the full benefit of it to the respondents, and we can therefore see no cause of complaint on their part to the verdict which was returned.                          *Judgment affirmed.*